UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMERICAN FAST FREIGHT, INC., a Washington corporation,<br><br>                Plaintiff,<br><br>      v.<br><br>R & R EXPRESS, INC., a Pennsylvania corporation;  et al.,<br><br>               Defendants. | CASE NO. C12-1717RSM<br><br>ORDER GRANTING MOTION FOR REMAND |

This matter is now before the Court for consideration of Plaintiff's motion for remand. Dkt. # 5. Plaintiff filed this action in King County Superior Court on September 25, 2012, and Defendant removed it to this Court on October 4, 2012. Plaintiff has timely moved to remand. For the reasons set forth below, the motion shall be granted.

## BACKGROUND

The complaint alleges that Plaintiff American Fast Freight, Inc. ("AFF"), is a provider of freight forwarding services, and actually handles the movement of freight from origin to destination. Complaint, ¶ 3.1. Defendant R&R Express ("R&R") entered into an agreement under which AFF would ship R&R's freight, and R&R would pay for that service. *Id.*, ¶ 3.6. AFF performed as agreed but R&R has failed to submit payment, and now owes Plaintiff $31,952.21, plus attorneys' fees as provided in the credit agreement between the parties. *Id.*, ¶¶ 3.8, 3.15.

Defendant removed the case to this Court, asserting in the Notice of Removal that this Court has federal question jurisdiction over the matter because "Plaintiff relies on bills of lading and a tariff to support its claim." Notice of Removal, Dkt. # 1, p. 2. According to Defendant, Plaintiff's claims

ORDER GRANTING MOTION FOR
REMAND - 1

"implicate 49 U.S.C. § 13702, § 13708, and § 13709, which pertain to tariff requirements for noncontiguous domestic trade; and billing and collecting practices; and resolving claims involving unfiled, negotiated transportation rates." *Id*.

After removal and Plaintiff's filing of the motion for remand, R&R filed an answer and counterclaims, asserting a counterclaim for damages under 49 U.S.C. § 14706 because the freight arrived at its destination in damaged condition. Answer and Counterclaims, Dkt. # 13, ¶¶ 3.3 - 3.8. Defendant also assert in the counterclaims that AFF failed to comply with 49 U.S.C. § 13702, which sets forth tariff requirements for noncontiguous domestic trade, and requires that a carrier providing certain specified services "shall publish and file with the Board tariffs containing the rates established for such transportation service." *Id*., ¶ 3.12, quoting 49 U.S.C. § 13702(b)(1).

Plaintiff has moved to remand, asserting that the complaint presents a simple contract dispute over the unpaid charges, and does not present any federal question subject to this Court's jurisdiction. Under the "well-pleaded complaint" rule, Plaintiff' argues, the case must be remanded. Defendant has opposed the motion, arguing that this Court "has original jurisdiction over this matter pursuant to 49 U.S.C. § 14706 and 28 U.S.C. § 1337(a)."

## DISCUSSION

The removal statute provides, in relevant part, that

> any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). The "burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Prize Frize, Inc. v. Matrix Inc*., 167 F.3d 1261, 1265 (9th Cir.1999). Any doubt as to the right of removal is resolved in favor of remand. *Gaus v. Miles, Inc*., 980 F.2d 564, 566 (9th Cir.1992). "If a district court lacks subject matter jurisdiction over a removed action, it has the duty to remand it. . . ." *Sparta Surgical Corp. v. Nat'l Ass'n. Sec. Dealers, Inc*., 159 F.3d 1209, 1211 (9th Cir.1998).

Federal question jurisdiction is based on a claim that "aris[es] under the Constitution, laws, or treaties of the Unites States." 28 U.S.C. § 1331. No such claim appears in the complaint, which

ORDER GRANTING MOTION FOR
REMAND - 2

Case 2:12-cv-01717-RSM   Document 18   Filed 01/04/13   Page 3 of 5

Case 2:12-cv-01717-RSM   Document 18   Filed 01/04/13   Page 3 of 5

presents a simple state law claim for breach of contract. Nevertheless, Defendant asserts that remand is inappropriate because "defendant raises a federal question by filing a counterclaim against Plaintiff pursuant to 49 U.S.C. § 14706." Defendant's Response, Dkt. # 10, p. 3. This argument is unavailing in light of the fact that defendant's counterclaims were filed after removal (and after Plaintiff moved for remand). Jurisdiction is determined as of the time of the removal itself, and the Court may look only to the complaint as of the time the removal petition was filed. *Abada v. Charles Schwab & Co., Inc.,* 300 F. 3d 1112, 1117 (9th Cir. 2002), citing *O'Halloran v. Univ. of Wash.*, 856 F. 2d 1375, 1379 (9th Cir. 1988).

Defendant's argument also disregards the long-established well-pleaded complaint rule. "The presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint' rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *California v. United States*, 215 F. 3d 1005, 1014 (9th Cir. 2000). A case may not be removed on the basis of a federal defense, even if that defense is the only question truly at issue. *Caterpillar, Inc., v. Williams*, 482 U.S. 386, 392 (1987). Nor may removal be based on a counterclaim. As the Supreme Court has explained,

> Allowing a counterclaim to establish 'arising under' jurisdiction would also contravene the longstanding policies underlying our precedents. First, since the plaintiff is 'the master of the complaint,' the well-pleaded-complaint rule enables him, 'by eschewing claims based on federal law, ... to have the cause heard in state court.' The rule proposed by respondent, in contrast, would leave acceptance or rejection of a state forum to the master of the counterclaim. It would allow a defendant to remove a case brought in state court under state law, thereby defeating a plaintiff's choice of forum, simply by raising a federal counterclaim. Second, conferring this power upon the defendant would radically expand the class of removable cases, contrary to the "due regard for the rightful independence of state governments"
> that our cases addressing removal require. And finally, allowing responsive pleadings by the defendant to establish "arising under" jurisdiction would undermine the clarity and ease of administration of the well-pleaded complaint doctrine, which serves as a "quick rule of thumb" for resolving jurisdictional conflicts.

*The Holmes Group, Inc., v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826, 832 (2002) ("*Holmes*") (citations omitted). The Court specifically declined "to transform the longstanding well-pleaded complaint rule into the "well-pleaded complaint-or-*counterclaim* rule." *Id.* (emphasis in original).

Defendant argues that notwithstanding this rule and dispositive case law such as *Holmes*,

ORDER GRANTING MOTION FOR
REMAND - 3

"federal question jurisdiction can also be determined by a Defendant's counterclaim." Defendant's Response, Dkt. # 10, p. 5, citing *Sea-Land Service, Inc., v. Lozen International, LLC*, 285 F. 3d 808, 814 (9th Cir. 2002). Defendant is incorrect. The ruling in *Sea-Land* was simply that the federal court could retain supplemental jurisdiction over state law counterclaims after the plaintiff's claims were settled, because there was also a pending federal counterclaim pursuant to 49 U.S.C. § 14706. *Id*. *Sea-Land* was not a removal case and the portions of the decision cited by defendants are inapplicable to the question presented here. The ruling in *Sea-Land* does not overcome the firm principle established by the Supreme Court that under the well-pleaded complaint rule, a counterclaim does not "provide a key capable of opening a federal court's door." *Vaden v. Discover Bank*, 556 U.S. 49, 66 (2009). Removal on the basis of defendants' counterclaims was thus improper.

Defendant next asserts that federal question jurisdiction "is also established under the tariff requirements of 49 U.S.C. § 13702." Defendant's Response, Dkt. # 10, p. 6. However, the cited statute was brought into this case as a defense or counterclaim; it is not part of Plaintiff's complaint. Defendant states that "[i]n this case, Defendants argue that its remedies should not be limited to arbitration by the tariff's arbitration clause, because the tariff was not available for public inspection at the time the agreement was reached."[1] *Id*. Defendant contends its argument raises a federal question, giving this Court original jurisdiction. *Id*., p. 9. However, as set forth above, under the well-pleaded complaint rule, neither a defense or a counterclaim may serve as a basis for removal. *Caterpillar, Inc., v. Williams*, 482 U.S. at 392; *Vaden v. Discover Bank*, 566 U.S. at 66. Defendant's argument under 49 U.S.C. § 13702 therefore fails.

CONCLUSION

There is a strong presumption against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F. 2d at 566. Any doubts regarding the right to removal must be resolved in favor of remand back to state court. *Matheson v. Progressive Specialty Insurance Company*, 319 F. 3d 1089, 1090 (9th Cir. 2003). Here, there is no federal question evident on the face of the complaint, and Defendant has failed to meet the

---

[1] Plaintiff disputes this statement regarding the availability of its rate charges on its website. Plaintiff also contends that it is exempted from the tariff filing requirements of § 13702. Plaintiff's Reply, Dkt. # 15. The Court does not reach these issues as they are not determinative of the remand question.

ORDER GRANTING MOTION FOR
REMAND - 4

burden of demonstrating any cognizable basis for this Court's jurisdiction.

Accordingly, Plaintiff's motion for remand is GRANTED, and this case is hereby REMANDED to the King County Superior Court, Cause No. 12-2-31056 - 4 KNT, for lack of subject matter jurisdiction.

Plaintiff has requested an award of just costs and fees incurred as a result of the removal in the amount of $4,053.00, and has supported this with a declaration and billing log. Declaration of Daniel Frohlich, Dkt. # 6, Exhibit C; Dkt. # 15. Defendant has neither opposed the request for just costs and fees, nor objected to the amount. Such award is authorized under 28 U.S.C. § 1447(c). However, "[a]bsent unusual circumstances, courts may award fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

Removal is not objectively unreasonable solely because the removing party's arguments lack merit and the removal is ultimately unsuccessful. *Lussier v. Dollar Tree Stores, Inc.*, 518 F. 3d 1062, 1065 (9th Cir.2005). Rather, the Court should consider whether "the relevant case law clearly foreclosed the Defendant's basis of removal." *Id.* at 1066. Here, the removal was based on as-yet unfiled defenses and counterclaims, in plain disregard of the rule that jurisdiction must be based on the complaint at the time the removal petition is filed. Nowhere did Defendant assert that Plaintiff's claims are completely preempted by federal law so as to base jurisdiction on the complaint itself. Instead, Defendant attempted to challenge the clearly established well-pleaded complaint rule. This basis for removal was clearly foreclosed by *Holmes*, *Caterpillar*, and other cited cases which considered and explained that removal may not be based on defenses or counterclaims. The Court therefore finds that Defendant lacks an objectively reasonable basis for the removal, and accordingly GRANTS Plaintiff's request for fees and costs in the amount stated, $4,053.00.

The Clerk shall close this file and send a certified copy of this Order to the Clerk of Court for the King County Superior Court.

DATED this 4th day of January 2013.

RICARDO S. MARTINEZ  
UNITED STATES DISTRICT JUDGE

ORDER GRANTING MOTION FOR
REMAND - 5